IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHIEFTAIN ROYALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-177-D |
| ) | |
| SM ENERGY COMPANY ) | |
| (including predecessors, successors ) | |
| and affiliates), ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Strike Deadlines and to Defer Class Certification Filings and Proceedings [Doc. No. 69]. Defendant essentially seeks a stay of further proceedings in this case – which by agreement of the parties have been initially limited to class certification issues – pending a resolution of interlocutory appeals in similar cases alleging underpayment of royalties. Specifically, the court of appeals has granted permission to appeal orders granting class certification in *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 12-3176 (10th Cir., appeal filed July 5, 2012), and *Chieftain Royalty Co. v. XTO Energy, Inc.*, No. 12-7047 (10th Cir., appeal filed July 3, 2012). Plaintiff has timely opposed Defendant's Motion, which is fully briefed and at issue.

"[T]he power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United Steelworkers v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis v. North Am. Co.*, 229 U.S. 248, 254

(1936)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket"). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In *Landis*, the Supreme Court held that the power to grant a stay is not limited to circumstances in which the same parties and issues are involved in pending actions in different forums. *Id.* at 254. "In assessing the propriety of a stay, a district court should consider: (1) whether the [movants] are likely to prevail in the related proceedings; (2) whether, absent a stay, the [movants] will suffer irreparable harm; (3) whether the issuance of the stay will cause substantial harm to the other parties to the proceeding; and (4) the public interest at stake." *United Steelworkers*, 322 F.3d at 1227. "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

In this case, Defendant relies on the existence of some uncertainty concerning the propriety of class certification in similar royalty underpayment cases currently pending in this judicial district, as well as other federal district courts and state courts. All district judges of this Court, and one senior district judge, have been assigned one or more cases involving similar claims and issues regarding oil and gas royalties, and all of these cases have been brought by plaintiffs who seek to represent a class of royalty interest owners. Judges David Russell and Tim Leonard have granted class certification; Chief Judge Vicki Miles-LaGrange and Judges Joe Heaton and Stephen Friot have denied class certification. Judge Robin Cauthron and the undersigned have not reached the issue. As noted above, district

judges in other judicial districts have also certified class actions, and the court of appeals has granted petitions by XTO Energy Inc. to review the certification orders. Defendant contends that by waiting for an opinion from the court of appeals, the law will be clarified and the work required of the parties and the Court to address the certification issues in this case will be greatly simplified and reduced.

Plaintiff does not disagree with the underlying premise of Defendant's Motion. In fact, Plaintiff had earlier proposed to Defendant that the parties seek a stay of this case, and Plaintiff's counsel has sought similar relief in other cases on behalf of royalty owners. However, Plaintiff strenuously opposes the requested stay at this point in this case, when Plaintiff has already completed a substantial amount of work on the class certification issues. Plaintiff notes that it has disclosed the reports of its designated experts and evaluated the reports of Defendant's experts, has conducted discovery concerning the data relied on by Defendant's experts, and has prepared its motion for class certification. Plaintiff argues that Defendant should be required to invest similar effort, especially since Defendant declined Plaintiff's proposal of a stay at a time when Plaintiff could have realized significant cost-savings. Plaintiff also asserts that Defendant has failed to carry its burden to show that a stay is warranted under the four factors identified above.

While expressing no opinion about the likely outcome of the class certification issues, the Court is persuaded that a temporary delay of further proceedings in this case is warranted under the circumstances. Although Plaintiff has filed its motion, the remaining briefing on the motion is incomplete, and no hearing has been set. The parties' arguments and

presentations, and the Court's consideration and resolution of the issues, may be significantly impacted by the court of appeals' analysis and opinion on similar issues. Further, although case law does not mandate consideration of the discretionary factors, the Court finds that these factors also weigh in favor of a stay.

The first factor – whether Defendant is likely to prevail in related proceedings – is inapplicable here, as Defendant is not a party to those proceedings. As to the second factor, Defendant does not claim the denial of a stay will cause it any irreparable harm. Regarding the third factor, however, Plaintiff also has not identified any substantial harm it will suffer if this case is stayed. Plaintiff complains of further delay, but Plaintiff has previously requested and received five extensions of the deadline to file the motion for class certification, which was originally due March 1, 2012. Further, Plaintiff is a party to one of the companion appeals, and its interests will undoubtedly be served by giving its attention to the appellate proceedings rather than simultaneously pursuing its motion in this Court. Once the appeals are decided, Plaintiff will also benefit from having the court of appeals' guidance, and will realize future cost-savings by obtaining the court of appeals' views at an early stage of the class certification process. Any work Plaintiff has already done in this case will not be wasted but will provide the basis for future certification proceedings. Finally, the public interest is fully served by the conservation of judicial resources that will be achieved by awaiting the court of appeals' decision.

For these reasons, the Court finds that this case should be stayed pending a decision by the court of appeals in the interlocutory appeals taken by XTO Energy Inc., or until

further order of the Court. During the pendency of the stay, this case will be administratively closed. However, neither the stay nor the administrative closing order are intended by the Court to prevent informal, mutually-agreed exchanges of information related to the outstanding issues in the case, or to prevent a party from seeking relief from this Order upon a material change of circumstances.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Deadlines and to Defer Class Certification Filings and Proceedings [Doc. No. 69] is GRANTED. This case is stayed pending the disposition of the appeals in *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 12-3176 (10th Cir., appeal filed July 5, 2012), and *Chieftain Royalty Co. v. XTO Energy, Inc.*, No. 12-7047 (10th Cir., appeal filed July 3, 2012), as set forth herein.

IT IS FURTHER ORDERED that the Clerk of Court shall administratively terminate this action in his records without prejudice to the rights of the parties to reopen the case upon the disposition of, or other material development in, the aforementioned appeals, or for any purpose required to obtain a final determination of the litigation. The parties shall promptly notify the Court of the disposition of appeals.

IT IS SO ORDERED this 8th day of November, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE