IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHIEFTAIN ROYALTY COMPANY, )
)
                Plaintiff, )
)
v. ) Case No. CIV-11-177-D
)
SM ENERGY COMPANY (including )
predecessors, successors and affiliates), )
ENERVEST ENERGY INSTITUTIONAL )
FUND XIII-A, L.P., ENERVEST ENERGY )
INSTITUTIONAL FUND XIII-WIB, L.P., )
ENERVEST ENERGY INSTITUTIONAL )
FUND XIII-WIC, L.P., ENERVEST )
OPERATING, L.L.C., and FOURPOINT )
ENERGY, LLC, )
)
                Defendants. )

## ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND CASE CONTRIBUTION AWARD

Before the Court is Class Representative's Motion for Approval of Attorneys' Fees, Reimbursement of Litigation Expenses and Case Contribution Award [Doc. No. 123] (the Motion) and Memorandum of Law in Support Thereof [Doc. No. 124] (the Memorandum), wherein Class Counsel seeks an award of attorneys' fees constituting forty percent (40%) of the $52,000,000 Settlement Cash Amount, plus interest,[1]

---

[1] In addition to the $52,000,000 Settlement Cash Amount, the Settling Parties have agreed that, for a period of thirty-six (36) months from and after the date of the Stipulation and Agreement of Settlement [Doc. No. 111-1] (the "Settlement Agreement"), which was dated August 5, 2015, they will not deduct from royalty payments any costs associated with marketing, gathering, transporting, compressing, dehydrating, treating, blending or processing. Class Representative's experts have estimated these changes to the Settling Parties' royalty payment methodology to have a minimum present value of $2,965,000. When added to the Settlement Cash Amount, the total benefit conferred on the Class is at

reimbursement of Litigation Expenses not to exceed $900,000, plus interest, and a Case Contribution Award to Class Representative of 1% of the Settlement Cash Amount to be paid out of the Gross Settlement Fund. The Court has considered the Motion and Memorandum, the objections thereto, and all matters submitted in connection with the proceedings on the Final Approval Hearing conducted on November 30, 2015. The Court finds the Motion should be granted as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court, for purposes of this Order, incorporates herein its findings of fact and conclusions of law from its Order and Judgment Granting Final Approval of Class Action Settlement as if fully set forth.

3. The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

4. Notice of Class Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses and Class Representative's request for a Case Contribution Award was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the request for an award of attorneys' fees, reimbursement of Litigation Expenses and Case Contribution Award is hereby determined to have been the best notice practicable under

---

least $54,965,000 ("Total Settlement Amount"). Class Counsel does not seek a separate fee for the future benefits.

the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

5. The Notice stated that Class Counsel would seek an award of attorneys' fees in an amount not to exceed forty percent (40%) of the Settlement Cash Amount and the reimbursement of Litigation Expenses in an amount not to exceed $900,000. The Notice further stated Class Representative would seek a Case Contribution Award of 1% of the Settlement Cash Amount. Similarly, in their Motion and Memorandum, Class Representative and Class Counsel requested attorneys' fees of forty percent (40%) of the Settlement Cash Amount, requested reimbursement of expenses actually incurred in the past and expected to be incurred in the future not to exceed $900,000, and requested a Case Contribution Award of 1% of the Settlement Cash Amount for Class Representative.

6. Class Counsel and Class Representative provided the Court with evidence in support of their request for attorneys' fees, reimbursement of Litigation Expenses and Case Contribution Award, including: (1) the Motion and Memorandum; (2) the Declaration of Layn R. Phillips [Doc. No. 116]; (3) the Declaration of Geoffrey Miller [Doc. No. 119]; (4) the Declaration of Steven S. Gensler [Doc. No. 120]; (5) the Declaration of Bradley E. Beckworth and Robert N. Barnes on Behalf of Class Counsel [Doc. No. 122-2]; (6) the Declaration of Robert Abernathy on Behalf of Class Representative, Chieftain Royalty Company [Doc. No. 122-1]; (7) the Declaration of Michael Burrage [Doc. No. 117]; (8) the Declaration of Dan Little [Doc. No. 118]; and (9) the affidavits of numerous absent Class Members [Doc. Nos. 122-6 through 122-11].

This evidence was submitted to the Court well before the objection and opt-out deadline. Two objections were submitted by class members Danny George and Charles David Nutley. Class Counsel also asserted additional information in support of its request for attorneys' fees and reimbursement of Litigation Expenses at the Final Approval Hearing.

7. Class Counsel is hereby awarded $470,605.75 in reimbursement of Litigation Expenses, plus interest earned on this amount at the same rate as the Gross Settlement Fund. The Court concludes Class Counsel's expenses to date were necessary and reasonable to litigate and resolve the Litigation. Class Counsel demonstrated that all expenses were reasonable and were actually incurred in the prosecution of this Litigation on behalf of the Settlement Class. Further, to the extent Class Counsel incurs reasonable and necessary expenses above this amount, but not exceeding the noticed total amount of $900,000 throughout the remainder of the Litigation, they are entitled to reimbursement for such additional expenses upon fourteen (14) days written notice to the Court.

8. The Court notes that this award of Litigation Expenses, plus any future expenses Class Counsel may incur and recover in accordance with the terms of the Notice, does not and shall not include the Administration, Notice and Distribution costs associated with effectuating the Settlement which, per ¶ 1.1 of the Settlement Agreement, will be paid directly from the Settlement Amount. The Settlement Administrator, Rust Consulting, Inc., estimates the total Administration, Notice and Distribution Costs will not exceed $188,868.00. Accordingly, the Escrow Agent is hereby authorized to distribute Administration, Notice and Distribution Costs to the Settlement Administrator in an amount not to exceed a total of $188,868.00.

9. The Settlement has created a fund of $52,000,000 in cash and also binding changes to the Settling Parties' royalty payment methodology that has an estimated minimum present value of $2,965,000.[2] The preferred method of determining a reasonable attorney fee award in common fund cases is the percentage of fund analysis. Class Counsel seeks an attorney's fee constituting 40% of the Settlement. Though the contingency fee agreement allows Class Counsel to recover 40% of any common fund recovery, the Court believes that, in fairness and consistent with the best interest of the Class, Class Counsel should recover thirty-three and one third percent (33 1/3%) of the fund. The foregoing award of fees and expenses is fair and reasonable and shall be paid to Class Counsel from the Gross Settlement Fund in accordance with the terms of the Settlement Agreement. The distribution of attorneys' fees among Class Counsel shall be within Class Counsel's sole discretion.

10. Objectors Danny George and Charles David Nutley objected to Class Counsel's fee request and the amount of fees requested [Doc. Nos. 130 and 133] on the grounds that Oklahoma law applies to Class Counsel's request, under Oklahoma law, a lodestar analysis is required, and the fees are excessive under either analysis. The Court overrules both objections on the grounds advanced therein. Both state and federal cases recognize and/or permit a percentage of fund recovery under the common fund doctrine. *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 452-53 (10th Cir. 1988); *Fent v. State ex rel. Dept. of Human Services*, 2010 OK 2, ¶ 27, 236 P.3d 61, 70; *Brady v. UBS Fin.*

---

[2] As noted, Class Counsel does not seek fees on the value of royalty payment methodology changes.

*Services, Inc.*, 696 F. Supp. 2d 1263, 1268 (N.D. Okla. 2010) ("the Oklahoma Supreme Court has recognized the common-fund doctrine for an award of attorney fees.") (citation omitted). In addition, utilization of either the common fund or lodestar method would not affect this Court's ruling. *See* 4 ROBERT NEWBERG, *Newberg on Class Actions* § 14.6 at 551 (4th ed. 2002) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery."). Lastly, as stated herein, the Court finds a reduction of attorney's fees is appropriate, independent of Objectors' contentions. Indeed, the more significant reductions urged by Objectors would be inappropriate under the circumstances here.

  11. In making this award of attorneys' fees and reimbursement of Litigation Expenses to be paid from the Gross Settlement Fund, the Court makes the following findings of fact and conclusions of law in addition to those set forth above:

    (a) The Settlement has created a fund of $52,000,000 in cash and also binding changes to the Settling Parties' royalty payment methodology that has an estimated minimum present value of $2,965,000. Settlement Class Members will benefit from the Settlement that occurred because of the efforts of Class Counsel;

    (b) The fee sought by Class Counsel was negotiated by and has been endorsed as fair and reasonable by Class Representative, Chieftain Royalty Company, who, through its President, Robert Abernathy, was actively involved in the prosecution and resolution of the Litigation;

    (c) Copies of the Notice were mailed to over 21,000 Settlement Class Members and expressly stated that Class Counsel would apply for attorneys' fees

in an amount not to exceed forty percent (40%) of the Settlement Cash Amount and reimbursement of Litigation Expenses incurred by Class Counsel in connection with the prosecution and resolution of the Litigation in an amount not to exceed $900,000, plus interest. Only two objections were asserted.

The preferred approach for determining attorneys' fees in common fund cases is the percentage of the fund method. *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995); *Gottlieb v. Barry*, 43 F.3d 474, 482–483 (10th Cir. 1993). Under the percentage of the fund method, an appropriate fee is equal to a reasonable percentage of the common fund. *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 452-53 (10th Cir. 1988); *Fent*, 236 P.3d at 70 ("When an individual's efforts succeed in creating or preserving a fund that benefits similarly situated non-litigants, equity powers may be invoked to charge that fund with attorney fees for legal services rendered in its creation or preservation") (citing *Oklahoma Tax Commission v. Ricks*, 1994 OK 115, 885 P.2d 1336, 1339).

Under this approach, the trial court evaluates the reasonableness of the requested percentage by analyzing the applicable factors contained in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Brown*, 838 F.2d 451. The *Johnson* factors include: the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount

involved and the results obtained, the experience, reputation and ability of the attorneys, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Gottlieb*, 43 F.3d at 483 n. 4 (citing *Johnson*, 488 F.2d at 717-19). "[R]arely are all of the *Johnson* factors applicable; this is particularly so in a common fund situation." *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993) (citing *Brown*, 838 F.2d 456). The Court finds that most, if not all, of the *Johnson* factors support Class Counsel's fee request, as reduced by the Court;

(d) Class Counsel has conducted the Litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Litigation involved complex factual and legal issues and was actively prosecuted for over four years;

(f) Had Class Counsel not achieved the Settlement, there would remain a significant risk that Class Representative and the other members of the Settlement Class may have recovered less or nothing from the Settling Parties;

(g) Class Counsel devoted substantial time and resources to achieve the Settlement;

(h) As set forth in the Memorandum, most, if not all, of the *Johnson* factors support Class Counsel's fee request here, as reduced by the Court;

(i) An award of thirty-three and one third percent (33 1/3%) of the Settlement Cash Amount is not unusual. The Tenth Circuit has previously identified the typical fee range as 23.7% to 33.7%. *Brown*, 838 F.2d at 455 n. 2.

And fees in the range of one-third of the common fund are frequently awarded in class action cases as fair and reasonable. *See, e.g., In re Thornburg Mortgage, Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1257 (D.M.N. 2012) ("Fees in the range of 30–40% of any amount recovered are common in complex and other cases taken on a contingency fee basis.") (citations omitted); *Cimarron Pipeline Const., Inc. v. Nat'l Council On Compensation Ins.*, No. CIV-89-822-T, 1993 WL 355466, at *2 (W.D. Okla. June 8, 1993) (same); *Lucas v. Kmart Corp.*, No. 99–cv–01923, 2006 WL 2729260, at *6 (D. Colo. July 27, 2006); *see also* 4 *Newberg On Class Actions* § 14:6 (4th ed. 2002) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery."); STUART J. LOGAN ET AL., *Attorney Fee Awards in Common Fund Class Actions*, 24 Class Action Rep. 167, 167 (2003) (reporting that the median award of attorney fees was 31.6% based on a survey of 1,200 class action settlements). The Court's award here is more in line with the average range in such cases than the higher fee award requested by counsel, and thus represents compensation that is fair for both counsel and the Class.

(j) In awarding attorneys' fees, courts have the discretion to award fees based solely on a percentage of the fund approach and are not required to conduct a lodestar analysis in common fund class actions. *See, e. g., CompSource Oklahoma v. BNY Mellon, N.A.*, No. CIV-08–469, 2012 WL 6864701 at *8 (citing *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012));

(k) The market rate for Class Counsel's legal services also informs the determination of a reasonable percentage to be awarded from the common fund as attorneys' fees;

11. Finally, Class Counsel seeks a Case Contribution Award (i.e., an incentive award) of one percent (1%) of the $52,000,000 Settlement Cash Amount for Class Representative Chieftain Royalty Company. Objectors oppose Class Counsel's request on the grounds it is unreasonable, arbitrary, and raises serious conflict of interest questions. In making its determination, the Court makes the following findings of fact and conclusions of law:

(a) The Notice stated that Class Representative would move for a Case Contribution Award of one percent (1%) of the Settlement Cash Amount as compensation for its time and effort in the Litigation. Class Representative filed its Motion for Approval of Attorneys' Fees, Litigation Expenses and Case Contribution Award fourteen (14) days prior to the deadline for Settlement Class Members to object.

(b) "[A] class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class." *UFCW Local 880–Retail Food Emp'rs Joint Pension Fund v. Newmont Mining Corp.*, 352 Fed. Appx. 232, 235-36 (10th Cir. 2009) (citing *Parker v. Time Warner Entm't Co., L.P.*, 631 F.Supp.2d 242, 279 (E.D.N.Y. 2009)). Case contribution awards are meant to "compensate class representatives for their work on behalf of the class, which has benefited from their representation." *In re Marsh*

*ERISA Litig.*, 265 F.R.D. 128, 150 (S.D.N.Y. 2010). Incentive awards are not uncommon and are particularly given where a common fund has been created for the benefit of the entire class. *Allapattah Services, Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1218-19 (S.D. Fla. 2006). When considering the appropriateness of an award for class representation, the Court should consider: (1) the actions the class representative took to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation. *Tuten v. United Airlines, Inc.*, 41 F. Supp. 3d 1003, 1010 (D. Colo. 2014) (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir.1998)). "Incentive awards ... are within the discretion of the court." *Id.* (quoting *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y.2005)).

(c) A Case Contribution Award is appropriate in this case. Class Representative—through its President, Robert Abernathy—has been actively involved in this Litigation since its inception. Mr. Abernathy has contributed by reviewing draft pleadings and motions, searching for and producing records, reviewing filings, communicating regularly with Class Counsel, making himself available by telephone during the formal mediation, continuously monitoring the Litigation and settlement process, and approving the terms of the Settlement. Mr. Abernathy's efforts helped lead to a settlement that greatly benefits the Class, and Class Representative should be rewarded for those efforts.

(d) The Court, however, concludes in this case that a Case Contribution

Award of one-half percent (.5%) of the Settlement Cash Amount is fair, reasonable and should be awarded to Class Representative. This award represents $260,000 to be paid from the settlement funds. In light of the Court's reduction of the attorney's fees sought, a commensurate reduction of the requested Case Contribution Award is appropriate. The Class Representative's entitlement to this amount seems clear to the Court, in light of the representative's significant contributions to the litigation and settlement.

(e) Similar case contribution awards have been granted in similar cases. *See, e.g.*, *Allapattah*, 454 F. Supp. 2d at 1220 (awarding 1.5% case contribution award); *Chieftain Royalty Co. v. Laredo Petroleum, Inc.*, No. CIV-12-1319-D 2015 WL 2254606, at *5 (W.D. Okla. May 13, 2015) (awarding Chieftain a 1% case contribution award); *Cecil v. Ward Petroleum Corp.*, CJ-2010-462, District Court of Grady County, OK (awarding 1% case contribution award); *Drummond v. Range Res.*, CJ-2010-510, District Court of Grady County, OK (awarding 1% case contribution award); *Robertson v. Sanguine, Ltd.*, No. CJ-02-150, District Court of Grady County, Oklahoma (July 11, 2003) (awarding 1% class representative fee); *Velma-Alama Indep. Sch. Dist. No. 15 v. Texaco Inc.*, No. CJ- 2002-304, District Court of Stephens County, Oklahoma (Dec. 22, 2005) (awarding l-2% of total settlement amounts); *Continental Resources, Inc. v. Conoco Inc.*, No. CJ-95-739, District Court of Garfield County, Oklahoma (Aug. 22, 2005) at 11 ("Court awards to Class Representatives of 1% of the common fund are typical in these types of actions, with some awards approaching 5% of the common fund.");

(f) Messrs. George and Nutley's objections are overruled on the grounds advanced therein. First, notwithstanding Objectors' contentions, the Court deemed a reduction in the Case Contribution Award was warranted. Second, incentive payments to class representatives do not, by themselves, create an impermissible conflict between class members and their representatives. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). The Court finds neither evidence of a conflict of interest between Class Representatives and the class members nor proof of collusion between Class Representative and Class Counsel, *see id.*;

(g) The foregoing award shall be paid to Class Representative from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Settlement Agreement, with interest from the date the Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Settlement Fund.

13. Any appeal or any challenge affecting this Order Awarding Attorneys' Fees, Reimbursement of Litigation Expenses, and Case Contribution Award shall in no way disturb or affect the finality of the Order and Judgment Granting Final Approval of Class Action Settlement, the Settlement Agreement or the Settlement contained therein.

14. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order.

15. There is no reason for delay in the entry of this Order and immediate entry

by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 23rd day of December, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE