IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHIEFTAIN ROYALTY COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-177-D |
| ) | |
| ) | |
| SM ENERGY COMPANY (including ) | |
| predecessors, successors and affiliates), ) | |
| ENERVEST ENERGY INSTITUTIONAL ) | |
| FUND XIII-A, L.P., ENERVEST ENERGY ) | |
| INSTITUTIONAL FUND XIII-WIB, L.P., ) | |
| ENERVEST ENERGY INSTITUTIONAL ) | |
| FUND XIII-WIC, L.P., ENERVEST ) | |
| OPERATING, L.L.C., and FOURPOINT ) | |
| ENERGY, LLC, ) | |
| ) | |
| Defendants. ) | |

### SUPPLEMENTAL RULE 54(b) CERTIFICATION ORDER

The Court hereby issues this Supplemental Rule 54(b) Certification Order in order to certify its Order and Judgment Granting Final Approval of Class Action Settlement as final under Federal Rule of Civil Procedure 54(b) [Doc. No. 154] (the "Final Approval Order").

**I. Background**

Rule 54(b) does not ordinarily allow an order to become a final judgment when other claims for relief remain unresolved or when multiple defendants are involved, unless the Court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). The Court expressly recognized this rule in the Final Approval Order. Specifically, the Final Approval Order states:

1

> [T]his Order and Judgment fully disposes of all claims as to the Settling Parties and, as to the Class Wells and Release Period and is therefore a final appealable judgment. The Court expressly finds that this action presented claims against multiple defendants and, pursuant to Rule of Civil Procedure 54(b) that there is no just reason for delay in the finality of this Order and Judgment. To the extent necessary in light of the fact that the Released Claims have already been severed from the Litigation, the Court further hereby expressly directs the Clerk of the Court to file this Order and Judgment as a final order and final judgment in this Action.

*See* Doc. No. 154 at ¶ 23.

Class Members Danny George and Charles Nutley ("Objectors") filed written objections which were addressed at the fairness hearing held on November 30, 2015. Properly asserted objections that were ripe for consideration were overruled.[1] Objectors filed appeals with the Tenth Circuit Court of Appeals. On February 4, 2016, the Tenth Circuit issued an Order stating that the Final Approval Order "does not appear to meet the requirements of a proper Rule 54(b) certification" because "[a]ll of the claims against all of the parties have not been fully adjudicated by the district court." [Doc. No. 174]. The Court issues this Supplemental Rule 54(b) Certification Order to address the Tenth Circuit's concerns.

## II. Legal Standard

The Tenth Circuit has held that certification under Rule 54(b) "is appropriate *only*

---

[1] Mr. George advanced an objection to provisions of the Settlement Agreement concerning the bond amount for any appeals by Class Members, but agreed that this aspect of his objection was premature for consideration at the November 30 fairness hearing. Thus, the Court focused on Objectors' complaints regarding the amount of attorney's fees sought by Class Counsel, and the amount of any case contribution award for the Class Representative. In subsequent proceedings regarding the necessity for, and amount of, appeal bonds, Mr. George's objection regarding the Settlement Agreement's bond provisions was rendered moot.

when the district court 'adheres strictly to the rule's requirement that a court make two express determinations.'" *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (emphasis in original). First, the district court must determine that its judgment is "final." *Id*. Second, the district court must determine that no just reason for delay of entry of its judgment exists. *Id*. Factors the district court should consider are "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*.

### III. The Final Approval Order is Final, and There is No Just Reason for Delay

As detailed in the Settlement Agreement, the settlement resolves a distinct set of claims between a distinct set of parties regarding a distinct set of Class Wells (*i.e.*, the Released Claims). These claims are separate and distinct from the remaining claims Class Representative will continue to pursue against SM Energy with respect to the SM-Retained Properties. The Final Approval Order expressly stated that the "claims in this Litigation against SM related to the SM-Retained Properties are not dismissed, are unaffected by this Order and Judgment, and the Court retains jurisdiction of same." [Doc. No. 154 at ¶ 23]. As such, "the claims under review [are] separable from the others remaining to be adjudicated." *Stockman's Water Co., LLC*, 425 F.3d at 1265. As to the claims of the Settlement Class, nothing more remains to be done but to administer the settlement according to its terms.

Moreover, there is no reason presented by the continuing litigation to delay the

settlement's finality. Because this is a voluntary settlement that the Court has approved, neither the Class Representative nor the Settling Parties have or will appeal. The only appeals are those by the two Objectors, who are challenging this Court's orders overruling their objections. Those objections, along with the Released Claims, were severed from the remaining claims in the Litigation. Rule 54(b) certification will have the benefit of permitting the orders awarding attorneys' fees, case contribution award, and the Final Approval Order to be resolved in the same appellate proceeding, at the same time. That will prevent the possibility of piecemeal, serial appeals over issues that are legally and factually connected, and therefore properly resolved together.

Another compelling reason not to delay entry of the Final Approval Order is because according finality to the Final Approval Order would allow the Settlement Class to receive both monetary and non-monetary benefits of the settlement in the near future, rather than at an indefinite time after the remaining claims against SM Energy with respect to the SM-Retained Properties are resolved.

For these reasons, and the reasons apparent from the Final Approval Order, this Court determines that there is no just reason for delay of the entry of the Final Approval Order as a final judgment under Fed. R. Civ. P. 54(b).

**IT IS SO ORDERED** this 29th day of February, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE