# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHIEFTAIN ROYALTY COMPANY, ) ) Plaintiff, ) ) v. ) SM ENERGY COMPANY, et al., ) ) Defendants. ) | Case No. CIV-11-177-D |

## ORDER

Before the Court is Defendant SM Energy Company's (SME) Motion for Summary Judgment with Respect to Claims of Named Plaintiff and Motion to Dismiss Class Action for Mootness [Doc. No. 196]. Plaintiff Chieftain Royalty Company (Chieftain) has filed its response in opposition [Doc. No. 198] and SME has replied [Doc. No. 201]. On January 13, 2017, Chieftain filed a Supplemental Brief regarding SME's Motion [Doc. No. 221], to which SME responded [Doc. No. 224]. The matter is fully briefed and at issue.

## BACKGROUND

The following material facts are either uncontroverted, or deemed admitted, and are viewed in the light most favorable to Chieftain. *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1220 (10th Cir. 2015). Immaterial facts, facts not properly supported by the record, and legal arguments or conclusions were omitted. *Chavez v. County of Bernalillo*, 3 F. Supp. 3d 936, 949 n. 4 (D.N.M. 2014).

Chieftain alleges SME underpaid royalties due it and others for the production of natural gas from wells located in Oklahoma. *See* Second Amend. Compl. ¶ 17 [Doc. No. 98]. The proposed class consisted of, among others, "[a]ll non-excluded persons or entities who are or were royalty owners in Oklahoma wells where: (1) SM ENERGY (including its predecessors or affiliates) is or was the operator (or, as a nonoperator, SM ENERGY separately marketed gas)." *See id.* ¶ 10. The wells identified in Chieftain's Complaint were the Wilt #1-10 well, Hicklin #1-28 well, McDaniel #1-8 well, Edward #1-19 well, Brown #1-26 well, Opitz #1 well, Haley #1 well, Haley #2-31 well, Haley #3-31 well, Haley #4-31 well, Haley #5-31 well, and the Hart #1-31 well. *See id.* ¶ 18.

Pursuant to a Purchase and Sale Agreement between SME and Defendant EnerVest Energy Institutional Fund XIII-A, L.P., EnerVest Energy Institutional Fund XIII-WIB, L.P., and EnerVest Energy Institutional Fund XIII-WIC, L.P. (hereinafter "EnerVest"), EnerVest purchased certain assets in Oklahoma from SME, including the above-listed wells and their associated oil and gas leases. EnerVest subsequently conveyed an undivided 50% interest in the assets to Defendant FourPoint Energy, LLC ("FourPoint").

On August 5, 2015, Chieftain, EnerVest, and FourPoint executed a "Stipulation and Agreement of Settlement" (the Settlement) with respect to Chieftain's claims against those defendants. Under the Settlement, Chieftain agreed

to release "all claims associated with the marketing of, the calculation, reporting and payment of royalty on, gas and its constituents … during the Claim Period for each Class Well ["Released Claims" or "Class Claims"]." Settlement, ¶ 1.27 [Doc. No. 111-1]. The term "Class Wells" included "every oil and gas well that is located within properties and units acquired by certain of the Settling Parties under the aforementioned Purchase and Sale Agreement with SM dated November 4, 2013." *See id*. ¶ 1.7. The parties prepared a list of the wells to be included as part of the Settlement, which specified the aforementioned wells, and submitted the list as Exhibit 2 to the Settlement [Doc. No. 111-3]. However, the Settlement specifically stated it did not cover certain wells not sold by SME:

> For clarification and the avoidance of any doubt as to the scope of this Settlement Agreement … [i]t is understood and agreed that SM retained, and did not sell or otherwise convey to any of the Settling Parties, certain of the wells and properties covered by the Litigation, which are referred to herein as the "SM-Retained Properties" as further defined below. It is also understood and agreed that this Settlement Agreement is not intended to cover or release any claims whatsoever against SM relating to the SM-Retained Properties. As of the date of this Settlement Agreement, Litigation remains pending against SM related to its payment of royalty on gas and its constituents produced from the SM-Retained Properties, and such Litigation related to the SM-Retained Properties remains unaffected by this Settlement Agreement.

Settlement at 1, n. 1.

Chieftain's claims were to be released upon the "Effective Date," which was defined as the first date by which the Settlement became "Final and Non-

Appealable." Settlement, ¶ 1.11. Under the agreement, "Final and Non-Appealable" meant:

(a) Forty (40) days have elapsed without the filing of: (i) any appeal or original action in any court challenging or seeking reconsideration, modification or vacation of the Judgment, or otherwise seeking to interfere with or evade provisions of this Settlement Agreement and the settlement contemplated hereunder; or (ii) any motion which would extend the time to appeal from the Judgment, or which challenges or seeks reconsideration, modification or vacation of the Judgment; or

(b) One of the kinds of proceedings listed in subparagraph (a) above, has been filed and has resulted in a final order or judgment by the court in which it was commenced; that final order or judgment has itself become final and is no longer subject to further review in any court; and additionally, if the proceeding was commenced in an Oklahoma state district court, all of the conditions of subparagraph (a) are satisfied with respect to such separate final order or judgment.

Settlement, ¶ 1.15. Lastly, the Settlement stated that:

An award of attorneys' fees, Case Contribution Award and/or Litigation Expenses is not a necessary term of this Settlement Agreement and is not a condition of this Settlement Agreement. No decision by the Court or any court on any application for an award of attorneys' fees, Case Contribution Award or Litigation Expenses shall affect the validity or finality of the Settlement. Plaintiff and Plaintiff's Counsel may not cancel or terminate the Settlement Agreement or the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees, Case Contribution Award and/or Litigation Expenses.

Settlement, ¶ 7.4.

In November 2015, Danny George and Charles David Nutley (Objectors) objected to the Settlement [Doc. Nos. 130, 133]. Initially, Objectors challenged the

settlement on notice and procedural grounds, and contested the proposed attorney's fees and case contribution/incentive award. On December 23, 2015, the Court overruled the objections, approved the Settlement, and, after significant reductions, awarded attorney's fees and an incentive award to class counsel and Chieftain. *See* Order Granting Motion for Final Approval of Class Action Settlement [Doc. No. 154]; Order Granting Motion for Approval of Attorney Fees, Reimbursement of Litigation Expenses and Case Contribution Award [Doc. No. 156].

In its order certifying for appeal the Final Approval Order, the Court noted "the [S]ettlement resolves a distinct set of claims between a distinct set of parties regarding a distinct set of Class Wells (i.e., the Released Claims). ***These claims are separate and distinct from the remaining claims Class Representative will continue to pursue against SM Energy with respect to the SM-Retained Properties***." *See* Supplemental Rule 54(b) Certification Order at 3 (emphasis added) [Doc. No. 185]. In January 2016, Objectors appealed the Court's attorney's fees/case contribution award.

Chieftain was granted leave to amend its pleading, and on February 21, 2017, it filed its Third Amended Complaint [Doc. No. 228] where it sought damages relating to its interests in four additional wells – the Duncan Shores #1-1 well, Duncan Shores #2-1 well, Avanzini #3-1H well, and the Simmons #3-32 well. Third

5

Amended Complaint, ¶ 18. SME admits these wells were not part of the Settlement. *See* Def. Reply Br. at 1-2 n. 2 [Doc. No. 201].[1]

On July 3, 2017, the Tenth Circuit reversed and remanded the attorney's fees and case contribution awards. *See Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 861 F.3d 1182 (10th Cir. 2017). The Tenth Circuit's order did not address or affect the validity and fairness of the Settlement.

## STANDARD OF DECISION

"Summary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Patel v. Hall*, 849 F.3d 970, 978 (10th Cir. 2017) (citing *Peterson v. Martinez*, 707 F.3d 1197, 1207 (10th Cir. 2013)). The substantive law will identify which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Equal Employment Opportunity Comm'n v. BNSF Railway Co.*, 853 F.3d 1150, 1155 (10th Cir. 2017).

The Court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter asserted, but to determine whether there is a genuine issue for trial. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251

---

[1] Chieftain's Third Amended Complaint was filed after SME's Motion for Summary Judgment. The parties have not addressed the effect the Third Amended Complaint has on SME's Motion.

(10th Cir. 2015); *In re Convergent Tech. Sec. Litig.*, 948 F.2d 507, 512 (9th Cir. 1991) ("A motion for summary judgment is not meant to precipitate a mini-trial before the real trial begins. However, summary judgment may be granted 'unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). An issue is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. *Id.*

Once the moving party has met its burden, the burden shifts to the nonmoving party to present sufficient evidence in specific, factual form to establish a genuine factual dispute. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest upon the mere allegations or denials of its pleadings. Rather, it must go beyond the pleadings and establish, through admissible evidence, that there is a genuine issue of material fact that must be resolved by the trier of fact. *Salehpoor v. Shahinpoor*, 358 F.3d 782, 786 (10th Cir. 2004).

## DISCUSSION

SME contends this action should be dismissed, because under the Settlement, Chieftain released all claims with respect to the wells identified therein and no class

has been certified with respect to Chieftain's claims against SME. Mot. at 7. In response, Chieftain argues the Settlement is not "final" due to the Objectors' appeal and the potential impact the appeal (now ruling) has on the Court's Order approving the Settlement. *See* Pl. Resp. at 13-16.

The parties' dispute presents an issue of contract interpretation. Settlement agreements are contracts and any issues are therefore resolved by applying state contract law – here, Oklahoma. *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013).[2] Oklahoma's statutory rules of contract construction establish the following: (1) the language of a contract governs its interpretation, if the language is clear and explicit and does not involve an absurdity (15 OKLA. STAT. §§ 154, 155); (2) a contract is to be taken as a whole, giving effect to every part if reasonably practicable, each clause helping to interpret the others (*Id*. § 157); (3) a contract must receive such an interpretation as will make it operative, definite, reasonable, and capable of being carried into effect (*Id*. § 159); (4) words of a contract are to be given their ordinary and popular meaning (*Id*. § 160); and (5) a contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates (*Id*. § 163).

---

[2] The Settlement provides that "any disputes arising regarding the agreement are governed by the laws of the State of Oklahoma." Settlement, ¶ 11.11.

Oklahoma law also requires the Court to not focus on a particular clause in isolation or take the contract's language out of context. *Shawnee Hosp. Auth. v. Dow Constr., Inc.*, 1990 OK 137, ¶ 6, 812 P.2d 1351, 1353. Neither should it make a better contract than the parties themselves have seen fit to enter into, nor alter it for the benefit of one party to the detriment of another. *Dismuke v. Cseh*, 1992 OK 50, ¶ 9, 830 P.2d 188, 190.

Here, although the Settlement intended to release Chieftain's claims with respect to those wells identified in the Second Amended Complaint and Settlement, SME has not shown the Settlement intended to release it as to all claims in this litigation, specifically the "SM-Retained" properties and those identified in the Third Amended Complaint. As noted above, the SM-Retained wells were specifically excluded from the Settlement and the parties agree that the additional wells enumerated in the Third Amended Complaint were not included.[3] The exclusionary language in the Settlement is clear and unambiguous. Accordingly, the Court finds Chieftain has shown that there remains outstanding litigation issues regarding wells

---

[3] The Court also finds the Objectors' challenge to the attorney's fees/case contribution award did not affect the Settlement from becoming "Final and Non-Appealable" as that term is defined in the Agreement. The Settlement specifically stated any appeal or challenge to the Court's attorney's fees order would in no way disturb or affect the finality of the Settlement. *See* Doc. No. 156, ¶ 13. Moreover, the Tenth Circuit's ruling only addressed the attorney's fees and case incentive awards. *See Chieftain Royalty*, 861 F.3d at 1197.

beyond those identified in the Settlement, and, thus, SME's Motion for Summary Judgment should be **DENIED**.[4]

Lastly, the Court finds that since there remains outstanding litigation between the parties, Chieftain's class allegations are not moot and SME's Motion on this issue should be **DENIED** as well.

## CONCLUSION

Defendant SM Energy Company's Motion for Summary Judgment with Respect to Claims of Named Plaintiff and Motion to Dismiss Class Action for Mootness [Doc. No. 196] is **DENIED** as set forth herein.

---

[4] SME also contends Chieftain's claims relating to the additional wells identified in the Third Amended Complaint are barred as a matter of law because any asserted interest was obtained by assignment and Oklahoma prohibits the assignment of tort and equitable claims. Chieftain alleges its claims involve property rights and are contractual in nature, which are assignable. In its pleading, Chieftain asserts several causes of action regarding the wells: breach of contract, tortious breach of contract, unjust enrichment, breach of fiduciary duty, fraud, conversion, and conspiracy. Although the Court agrees that tort claims are generally personal in nature and may not be assigned, 12 OKLA. STAT. § 2017(D), "where a tort claim is premised on a contractual relationship, courts have held that the claim arises 'out of contract' for purposes of § 2017(D) and may be assigned." *Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, No. 10-CV-362-CVE-FHM, 2012 WL 3776981, at *2 (N.D. Okla. Aug. 29, 2012) (quoting *Chimney Rock Ltd. P'ship v. Hongkong Bank of Canada*, 1993 OK CIV APP 94, 857 P.2d 84, 88). As reflected in the Third Amended Complaint, Chieftain's interest in these wells is contractual in nature by virtue of oil and gas leases between it and Defendants. Third Amend. Compl., ¶ 18. Such claims are assignable, and the Court finds summary judgment should be denied on this issue as well.

**IT IS SO ORDERED** this 29th day of August 2017.

                                          TIMOTHY D. DeGIUSTI
                                          UNITED STATES DISTRICT JUDGE