IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHIEFTAIN ROYALTY COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-11-177-D |
| SM ENERGY COMPANY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Plaintiff Class Representative's Partially Unopposed Motion to File Exhibits Under Seal [Doc. No. 288]. Objector Charles David Nutley ("Nutley") opposes the Motion [Doc. No. 312], which is fully briefed.[1] Plaintiff asks to make sealed filings in the case record with access restricted only to Objectors and their counsel.

The exhibits at issue are detailed time records compiled by Plaintiff Chieftain Royalty Company, as representative of a certified class, and attorneys representing the class. The time records will be submitted in support of motions to determine an appropriate award of attorney fees from the settlement fund and an incentive payment to the class representative. The Tenth Circuit's opinion that necessitates these filings is the subject of a pending petition for certiorari review by the United States Supreme Court. *See Chieftain Royalty Co. v. Enervest Energy Inst. Fund XIII-A, L.P.*, 888 F.3d 455 (10th Cir. 2017) (amended April 11, 2018); *pet. cert. filed sub nom*, *Chieftain Royalty Co. v.*

---

[1] The Court cautions counsel to temper the strident tone of their briefs in future filings. No useful purpose is served by accusations of improper motives or misconduct; the Court is not persuaded by such rhetoric.

*Nutley*, No. 18-301 (Sept. 7, 2018). Also, the case remains ongoing as to the non-settling defendant, SM Energy Company. Plaintiff asserts that disclosure of the records to persons other than Objectors and their counsel would disclose privileged information protected by the attorney-client privilege and the work-product doctrine, and would disclose confidential, proprietary information concerning counsel's work on the case. *See* Pl.'s Mot. Seal at 10.[2]

Upon consideration of the issue of whether to permit the time records to be filed under seal and restricted to Objectors and their counsel, the Court finds that Nutley's arguments on behalf of absent class members and the public are not persuasive. By failing to make a timely objection to the proposed settlement, absent class members have arguably waived their right to object to the remanded issues regarding appropriate amounts of the proposed awards (particularly where Plaintiff and class counsel are requesting the same amounts previously awarded). Objectors are the only class members currently involved, and they will have access to the exhibits. Similarly, although the general public has a right of access to judicial records, it lacks a substantial interest in privileged information and case-specific, detailed records of the attorneys' work. Further, SM Energy Company and nonparties involved in similar royalty-payment litigation could gain an unfair advantage from disclosure of the time records at issue. The Court has a duty to weigh the interests

---

[2] Plaintiff characterizes the records as "lightly redacted" without explaining this term. *See* Pl.'s Mot. Seal at 2, 4, 13, 14, 15. A logical assumption is that not all privileged information has been redacted. This assumption informs the Court's decision; a complete redaction would eliminate the disclosure of privileged information as a reason for making a sealed filing. Without seeing the documents, the Court must rely on Plaintiff's representation concerning the contents of the redacted documents.

advanced by the parties under the particular circumstances of the case. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602-03 (1978). After weighing the competing interests presented, the Court finds that Plaintiff's proposed filing of the time records of the class representative and class counsel under seal, with access restricted to Objectors, should be authorized.

A second issue raised by Nutley's objection is whether the time records should be filed electronically or conventionally (in paper form).[3] Plaintiff argues that it does not need permission to file the exhibits conventionally due to their size and a technical limit of the Court's electronic case filing ("ECF") system. *See* ECF Policies & Procedures Manual, § II.A.c.iii ("Leave of Court is not required for counsel to conventionally file . . . [d]ocuments larger than 20 megabytes when converted to .pdf format that cannot be separated into less than 20-megabyte segments . . . ."). Plaintiff does not state (nor explain why) the filings cannot be divided into smaller segments and filed electronically.

Upon consideration of the issue of electronic versus conventional filing, the Court finds Nutley's arguments to be well taken. Submitting voluminous paper records (that reportedly fill two bankers' boxes) would serve no useful purpose. Such an unwieldy submission would not permit efficient review and response by Objectors and their counsel, by class counsel when called to respond to any objections, or by the Court when tasked with assessing them. Instead, submission of the records in electronic format, in a manner capable of being searched, makes better sense. If the exhibits cannot be separated into

---

[3] A sealed filing may be made electronically or by conventional filing. *See* ECF Policies & Procedures Manual, § III.A.

electronic files of less than 20 megabytes, they may be submitted on computer disks and conventionally filed with the Clerk under seal.

For these reasons, the Court finds that the Motion should be granted to the extent of authorizing a sealed, electronic filing of the time records in a manner that restricts disclosure to counsel for Objectors. If an exhibit exceeds the size limitation of the Court's ECF system, it shall be divided into component parts that can be filed electronically, or it shall be submitted on a compact disc for conventional filing.

IT IS THEREFORE ORDERED that Plaintiff Class Representative's Partially Unopposed Motion to File Exhibits Under Seal [Doc. No. 288] is GRANTED in part, as set forth herein. The filing authorized by this Order shall be completed within 7 days from this date.

IT IS SO ORDERED this 20th day of September, 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE