THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHIEFTAIN ROYALTY COMPANY, )
on its behalf and as representative of a )
class of similarly situated royalty owners, )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )   Case No. CIV-11-177-D
                                          )
ENERVEST ENERGY INSTITUTIONAL             )
FUND XIII-A, L.P, *et al.*,               )
                                          )
        Defendants,                       )
                                          )
and                                       )
                                          )
C. BENJAMIN NUTLEY, as personal           )
representative of the Estate of Charles   )
David Nutley, *et al.*,                   )
                                          )
        Objectors.                        )

### ORDER REGARDING OBJECTIONS TO CLASS COUNSEL'S RENEWED MOTION FOR ATTORNEYS' FEES

Within the deadline set by the Court for objections to Class Counsel's Renewed Motion for Approval of Attorneys' Fees from Common Fund [Doc. No. 302] (the "Renewed Motion"), two class members who had previously objected to the Renewed Motion have made new filings. Objector Danny George filed a two-page notice "restating and incorporating his previously filed Objection (Document 321) as if fully set forth herein." *See* Danny George's Obj. Class Counsel's Renewed Mot. Atty's Fees [Doc. No. 398]. Objector C. Benjamin Nutley, as personal representative of the Estate of Charles

David Nutley ("Nutley"), filed a 31-page brief in opposition to the Renewed Motion, with 195 pages of attachments. *See* Nutley's Obj. Class Counsel's Request Atty's Fees [Doc. No. 399].[1]

Upon consideration, the Court finds that Nutley's new objection is improper and should be stricken. First, Nutley's brief fails to comply with the page limit of LCvR7.1(e), and he did not obtain leave to file an oversized brief.[2] Second, Nutley states no position regarding his existing objection to the Renewed Motion, that is, whether the new objection is intended to supplement or supersede the previously filed objection. Nutley's duplicative and excessive briefing is not authorized by the Local Civil Rules or the court of appeals' mandate, and need not be permitted.

The Renewed Motion is currently pending under the Tenth Circuit's mandate in appeals from the Order of June 22, 2022, which awarded an attorney fee to class counsel. *See Chieftain Royalty Co. v. SM Energy Co.*, 100 F.4th 1147 (10th Cir. 2024). The court of appeals vacated the fee award based on noncompliance with Fed. R. Civ. P. 23(h) and directed the issuance of a class-wide notice under Rule 23(h)(1) of the Renewed Motion and a right to object under Rule 23(h)(2). *Id*. at 1168. The court instructed that notice be given "to the class in a reasonable manner that provides a meaningful opportunity to object

---

[1] Although now personal representative of Charles David Nutley's estate, C. Benjamin Nutley previously served as counsel for the decedent. He was granted leave to appear *pro hac vice* on November 25, 2015 [Doc. No. 147] and entered his appearance January 5, 2016 [Doc. No. 157]. The same attorneys have represented Charles David Nutley's interests throughout the case.

[2] To date, Nutley also has not complied with LCvR5.2(c), which requires a filing party to provide a paper copy of an electronically filed document longer than 40 pages.

to the motion and its supporting documentation." *Id*. at 1160.  Over a strong dissent, a majority of the panel concluded that Rule 23(h) required this result because they would "not speculate . . . about how thousands of class members would have viewed the [Renewed Motion] had they been properly notified under Rule 23(h)." *Id*. at 1159 (footnote omitted). The majority reasoned that "it takes little guesswork to conclude [absent] class members would have been prejudiced by their inability to review voluminous evidence about class counsel's work that was not previously available and to make informed decisions about whether to object – and on what grounds – to the [Renewed Motion]." *Id*. at 1159-60.

Nothing in the court of appeals' opinion suggests that Objectors, who received actual notice of the Renewed Motion and actively opposed it, should get do-overs.  For the most part, it appears that Nutley's current objection rehashes and expands prior arguments. His decedent's pending objection, filed by the same attorney, took full advantage of the 25-page limit of LCvR7.1(e).  *See* Charles Nutley's Opp'n Renewed Mot. Atty's Fees [Doc. No. 325].  And the Court authorized supplemental briefing to address the Oklahoma Supreme Court's subsequent decision in *Strack v. Continental Resources, Inc.*, 507 P.3d 609 (Okla. 2021).  *See* Charles Nutley's Suppl Br. re. *Strack* [Doc. No. 355].  Nutley states no reason why he should be authorized to present new or additional arguments.  He provides no legal authority for the proposition that Rule 23(h) requires more than one opportunity to object to a fee motion.[3]

---

[3] To a very limited extent, Nutley's new objection includes arguments regarding an alleged defect in the class-wide notice based on public access to the attorneys' time records.  *See* Nutley's Obj. Class Counsel's Request Atty's Fees at 5-7.  These arguments could have been, but were not,

**IT IS THEREFORE ORDERED** that Estate of David Charles Nutley's Objection to Class Counsel's Request for Attorney's Fees from the Common Fund [Doc. No. 399] is **STRICKEN** for failure to comply with the Court's Local Civil Rules, and otherwise as set forth herein.  If Nutley has a good-faith basis for filing a new objection, he may do so not later than September 17, 2024, and class counsel may respond within 7 days thereafter.

**IT IS SO ORDERED** this 12th day of September, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

made in opposition to Plaintiff's June 11, 2024 motion to approve a proposed notice program and schedule.