## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CHIEFTAIN ROYALTY COMPANY,   )
on its behalf and as representative of a   )
class of similarly situated royalty owners,   )
   )
      Plaintiff,   )
   )
v.   )   Case No. CIV-11-177-D
   )
ENERVEST ENERGY INSTITUTIONAL   )
FUND XIII-A, L.P, *et al*.,   )
   )
      Defendants,   )
   )
and   )
   )
C. BENJAMIN NUTLEY, as personal   )
representative of the Estate of Charles   )
David Nutley, *et al*.,   )
   )
      Objectors.[1]   )

## ORDER

This matter comes before the Court to adjudicate a mandate from the court of appeals in this resolved class action, where the only remaining issue is an attorney-fee award to class counsel. The case was recently remanded "for the district court to direct the issuance of class-wide notice of the 2018 motion for attorneys' fees and re-open the period

---

[1] The style of the case was changed by this Court's Order Granting Joint Motion to Effectuate Severance of the Released Claims [Doc. No. 340], issued December 17, 2018, and the Tenth Circuit's Order of January 10, 2024 [Doc. No. 376] substituting C. Benjamin Nutley, as personal representative of the Estate of Charles David Nutley, in place of Charles David Nutley. The December 2018 order severed Plaintiff's claims against SM Energy Company into a separate action. *See Chieftain Royalty Co. v. SM Energy Co*., Case No. CIV-18-1225-J (Dec. 17, 2018).

for objections, consistent with the requirements of Federal Rule of Civil Procedure 23(h)."

*Chieftain Royalty Co. v. SM Energy Co.*, 100 F.4th 1147, 1168 (10th Cir. 2024)

("*Chieftain II*").  To provide an opportunity for absent class members to object, the court

of appeals vacated the prior fee award without reaching the merits, based solely on a lack

of Rule 23(h) notice.  *Id*. at 1150-51.[2]

### A.     Class-Wide Notice

After remand, Plaintiff moved for approval of a new class notice and a schedule,

which was opposed only as to the content of the notice by Objectors Danny George and C.

Benjamin Nutley, as personal representative of the Estate of Charles David Nutley.  After

considering timely objections, the Court approved a notice program that largely duplicated

the original notice used in 2015 for settlement of the class action, which was affirmed in

*Chieftain Royalty Co. v. EnerVest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455,

470 (10th Cir. 2017) (amended Apr. 11, 2018); *cert. denied*, 139 S. Ct. 482 (2018)

(*Chieftain I*).  The notice program utilized the class administrator to mail a postcard notice

to all class members whose addresses could reasonably be determined, to publish a

summary notice in five newspapers of general and local circulation in Oklahoma, and to

post a long-form notice about the attorney-fee motion on the existing class-action

settlement website, www.chieftain-enervest.com, which has been maintained and updated.

*See* Order Granting Class Representative's Mot. to: (1) Approve Form and Manner of

Notice to Certified Class of Mot. for Atty's Fees and (2) Approve Proposed Schedule [Doc.

---

[2]  The court of appeals affirmed the incentive or case-contribution award to the class
representative.  *See id*. at 1168.

No. 389] ("Order Approving Notice").  The 2018 fee motion, together with supporting

materials and class counsel's time records, were already available on the website when the

Order Approving Notice was issued on July 22, 2024.  *See id*. at 6 n.4.

To be clear, the 2018 fee motion addressed in *Chieftain II* and disseminated through

the class-wide notice is Class Counsel's Renewed Motion for Approval of Attorneys' Fees

from Common Fund [Doc. No. 302] ("Renewed Motion"), which is accompanied by a

supporting brief [Doc. No. 303] and a voluminous record of evidentiary materials.[3]  The

Renewed Motion was filed to comply with the mandate in *Chieftain I*, which vacated the

original fee award and directed the Court to determine a reasonable award of attorney fees

to class counsel under Oklahoma law.  *See Chieftain I*, 888 F.3d at 470.  The Tenth Circuit

---

[3] The record considered by the Court consisted of the following materials:  Declaration of Bradley E. Beckworth and Robert N. Barnes on Behalf of Class Counsel [Doc. No. 302-1]; separate declarations by each attorney on behalf of their respective law firms, Nix, Patterson & Roach, LLP [Doc. No. 302-2] and Barnes & Lewis, LLP [Doc. No. 302-5]; declarations of other attorneys at these law firms who worked on the case [Doc. Nos. 302-3 and 302-5]; the declaration of appellate counsel, Daniel Volchok of Wilmer Cutler Pickering Hale & Dorr, LLP [Doc. No. 302-7]; the attorneys' time records [Doc. Nos. 320-1 through 320-5]; the declarations of numerous legal experts and class members who provide opinions in support of the Motion [Doc. Nos. 293 through 300, 302-11 through 302-15]; a declaration of Plaintiff's president, Robert Abernathy [Doc. No. 304-1]; and the previously approved Settlement Agreement [Doc. No. 111-1 through 111-4].  Expert opinions were provided by William C. Hetherington, Jr., Richard G. Van Dyck, Steven S. Gensler, Geoffrey Miller, Patrick M. Ryan, and David Siegel.  Michael Burrage and Dan Little provide opinions as both legal experts and class members.  Other class members are Michael P. Starcevich, Michael J. Weeks (Pagosa Resources, LLC), Kelsie Wagner (Kelsie Wagner Trust), Patrick Cowen (Asa R. Maley Revocable Living Trust), and Roger Brown (Omega Royalty Company, LLC).  The Court partially granted a motion to exclude the experts' opinions and did not consider the declarations of Glen Coffee and Joseph Watt.  *See* 2/24/22 Order [Doc. No. 358] at 13-14.  The Court also considered opposing motions, briefs, and materials filed by Objectors Danny George and Charles David Nutley.  *See* George's Resp. Br. [Doc. No. 321]; Nutley's Resp. Br. [Doc. No. 325]; *see also* Nutley's Mot. Exclude or Strike Billing Records Submitted by Class Counsel [Doc. No. 323] and Nutley's Motion to Exclude or Strike Certain Declarations [Doc. No. 324].  Further, class counsel filed replies to George's brief [Doc. No. 326] and Nutley's brief [Doc. No. 327].

included guidance in *Chieftain I* regarding further development of the record based on its "informed prediction of what the State's highest court would do" on questions of unsettled Oklahoma law regarding class actions.  *See Chieftain I*, 888 F.3d at 468.  However, the Oklahoma Supreme Court subsequently settled these questions in *Strack v. Continental Resources, Inc.*, 2021 OK 21, 507 P.3d 609 (Okla. 2021), and established a different standard for attorney-fee awards than predicted by the Tenth Circuit.  Accordingly, this Court directed the parties to file supplemental briefs addressing the effect of *Strack*.  *See* George's Suppl. Br. [Doc. No. 354]; Nutley's Suppl. Br. [Doc. No. 355]; Pl.'s Suppl. Br. [Doc. No. 356].[4]

The Order Approving Notice also approved Plaintiff's proposed schedule for accomplishing the notice program and making objections.  This part of Plaintiff's proposal drew no timely opposition from Objectors.  However, the Court made an independent assessment of the reasonableness of the schedule under the circumstances.  The schedule was expressed in terms of time periods running from the date of the Order Approving Notice.  Computing those deadlines, the settlement administrator was directed to begin mailing postcards to the last-known address of each class member who could be identified with reasonable effort (and who did not previously opt out) by August 1, 2024; to display the long-form notice on the settlement website by August 11, 2024; and to publish the

---

[4] The determination of a reasonable fee award under the Tenth Circuit's mandate must be guided by *Strack*, which is an intervening decision of Oklahoma's highest court that binds federal courts applying Oklahoma law. *See Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1295 (10th Cir. 2010); *Ute Indian Tribe v. Utah*, 114 F.3d 1513, 1521 (10th Cir. 1997) (discussing intervening-change-in-law exception to mandate rule).

summary notice in the five identified newspapers by August 11, 2024.  The affidavits of

Jason Stinehart on behalf of the settlement administrator, Russ Consulting, Inc., explain

the steps taken to ensure effective notice to class members and show full compliance with

the Court's directions.  *See* Stinehart Aff. [Doc. No. 380-1]; Stinehart Aff. [Doc. No. 404].

Objections to the Renewed Motion were due by September 10, 2024.  Before that

date, the Clerk of Court received two mailings sent on behalf of class members.  One was

received from an individual who identified himself as the spouse of a postcard addressee;

he simply returned the postcard and informed the Court that the addressee is deceased [Doc.

No. 395].  The other mailing was received from an individual, Dian Y. Denny, M.D.,

stating he received three postcards at the same address in New Orleans, Louisiana, and he

is personal representative of his mother's estate [Doc. No. 396].  Dr. Denny stated the

following position regarding a new request for attorney fees:

> I agree, if it will <u>not</u> cost money.  I disagree if it will <u>cost</u> claimants money
> for attorney's fees.  (It has been nine years.)

*See id*., Letter at 2 (punctuation added).  Giving this statement the liberal construction

afforded *pro se* litigants, the Court understands that Dr. Denney does not object unless

class members would be required to pay back some of the settlement money they received

nine years ago to satisfy a fee award.  Given that the Renewed Motion requests the same

amount of attorney fees originally awarded from the common fund, the Court concludes

that Dr. Denney is not objecting to the Renewed Motion.

Objectors also made filings in opposition to the Renewed Motion.  Objector George

simply referred the Court to his prior objection [Doc. No. 321] and reiterated his position

that class counsel cannot claim credit for time "spent defending against Objectors' 2016 fee appeal" in *Chieftain I* and their fee award should be "no more than two times the resulting lodestar, consistent with *Strack*." *See* George's Obj. Class Counsel's Renewed Motion [Doc. No. 398] at 2. Objector Nutley made an oversized filing that was stricken for noncompliance with the Local Civil Rules and as an unauthorized "do-over" of prior briefing. However, Nutley was granted additional time to file a new objection. *See* Order re. Obj. to Class Counsel's Renewed Mot. Atty's Fees [Doc. No. 400]. Nutley responded by filing an "Objection to Class Counsel's Request for Attorneys' Fees from Common Fund and Response to Court's Order Striking Objection" [Doc. No. 401] with a declaration of his attorney [Doc. No. 402]. As the title suggests, Nutley devotes a significant part of his brief to feigning misunderstanding of the Local Civil Rules and challenging the Court's application of them.[5] These arguments are pointless given that Nutley was allowed to refile an objection. In the interest of expediency and finality, the Court elects to exercise its discretion to consider Nutley's Objection, even though it shares some of the same flaws as his stricken filing.[6]

---

[5] The Court has consistently enforced the page limit of LCvR7.1(e) for the parties' briefs in this action.

[6] Nutley's Objection would again exceed the page limit of LCvR7.1(e) if it were properly formatted with double-spaced lines. Further, Nutley's representation that he has "excised legal and factual argument made in earlier filings, except as necessary to provide context" is simply untrue. *See* Nutley's Obj. at 2. As one limited example, Nutley's attack on the adequacy of counsel's time records has been fully litigated (except for a new complaint about redactions). As demonstrated by Class Counsel's Response [Doc. No. 405], Nutley again turns the fulfillment of the notice requirement into an opportunity to reargue his objections, without any legal authority for the proposition that Rule 23(h) requires more than one opportunity to object to a fee motion.

Turning to the directions of the Tenth Circuit's mandate, the Court considers whether class members have received notice of the Renewed Motion "in a reasonable manner that provides a meaningful opportunity to object to the motion and its supporting documentation." *Chieftain II*, 100 F.4th at 1160. The court of appeals stated that a sufficient notice under Rule 23(h) should allow absent class members "to make informed decisions about whether to object – and on what grounds – to the [Renewed Motion]." *Id*.

In his Objection, Nutley argues for the first time that the class-wide notice program was inadequate because the attorneys' time records that are accessible through the website are not formatted in the same way as the ones that were filed under seal in the case record. *See* Nutley's Obj. at 7. He also complains that the records in the case file were not unsealed and made public until one week before the objection deadline. *Id*. The Court finds these objections to be untimely and insubstantial. When considering the notice program, Nutley did not complain about the manner in which the attorneys' time records would be made available to class members, except through an untimely objection about publishing them on the settlement website. *See* Nutley's Resp. Class Representative's Revised Notice [Doc. No. 388] at 3-5.[7] In any event, the substance of the time records that can be accessed through the website is the same as the time records that were filed in the case record. Nutley has not shown that the formatting of the records prevented any class member from

---

[7] The Court authorized supplemental response briefs regarding Plaintiff's proposed notice to permit Objectors to address Plaintiff's revisions to the content of the notices, which were offered through a reply brief. *See* 7/11/24 Order [Doc. No. 385]. Nutley took the opportunity in his brief to raise new issues, which the Court found to be untimely and unauthorized. *See* Order Approving Notice at 3 n.2.

making an informed decision of whether to object to the Renewed Motion.  Finally, as to

unsealing, one reason why the Court raised the issue *sua sponte* was that, after the records

became publicly available on the website, they did not need to remain under seal.

For these reasons, Nutley's objections about the adequacy of the class-wide notice

regarding the Renewed Motion are overruled.  The Court finds that proper notice was given

to the class in conformity with the Order Approving Notice.  The Court further finds that

the form, content, and method of disseminating the postcard and long-form notice to the

class, publishing the summary notice, and making all pertinent materials available through

the settlement website constituted the best practicable notice under the circumstances;

constituted notice reasonably calculated to apprise absent class members of the Renewed

Motion and related materials and the right to object; constituted due, adequate, and

sufficient notice to all persons and entities entitled to such notice; and met all applicable

requirements of Rule 23(h) and the court of appeals' mandate in *Chieftain II*.

## B.    Disposition of the Renewed Motion

Given there are no new objectors, the question becomes whether the Court should

revisit its June 22, 2022 Order [Doc. No. 366] granting the Renewed Motion and awarding

class counsel the same amount of attorney fees that was originally awarded in December

2015 [Doc. No. 156].  Applying *Strack* and other principles of Oklahoma law, the Court

determined in the June 2022 Order that the reduced amount originally found to be fair and

reasonable under the circumstances – reducing the 40-percent provided by the settlement

agreement to 33⅓ percent – remained appropriate under the method approved by the

Oklahoma Supreme Court in *Strack*.  Of course, the court of appeals in *Chieftain II* vacated

the June 2022 award to permit objections after class-wide notice. Thus, the earlier mandate

in *Chieftain I* to determine a reasonable fee under Oklahoma law remains unsatisfied, and

the Court could take another look at the Renewed Motion.

The Court declines the opportunity for further consideration for two reasons. First,

before *Chieftain II*, the Court painstakingly endeavored to comply with the mandate in

*Chieftain I* by devoting a significant amount of time, resources, and judicial work to

developing an adequate record, addressing the interested parties' positions and materials,

and rendering a reasoned decision on class counsel's Renewed Motion. During the course

of proceedings after *Chieftain I*, the parties received a full and fair opportunity for

adversarial briefing regarding a reasonable fee award to class counsel. The existing record

and prior written decisions provide a full record for the court of appeals to review the

Court's methodology and reasons and to judge whether the Court abused its discretion in

awarding a $17,333,333.00 fee to class counsel.

Second, this class action unfortunately spans more than thirteen years; it was

otherwise resolved through a settlement agreement with the named defendants that was

approved nine years ago.[8] At this point, a prompt resolution of outstanding matters

provides the utmost benefit to the class and all interested parties. The Court finds that any

small value that might be gained from addressing Nutley's new criticisms of class counsel

---

[8] The case was filed in 2011 against SM Energy Company; the settling defendants were added in 2014 through the Second Amended Complaint. This change was made by agreement of the parties due to a purchase of assets and assignment of interests. The case against SM Energy was severed by agreement in 2018. *See supra* note 1. The Court approved the class-action settlement in 2015. The settlement was affirmed in *Chieftain I* and became final in 2018.

and the Court's work is far outweighed by the need for the entry of a final order that Objectors will likely appeal once again.[9]  The Court will await the court of appeals' decision in *Chieftain III* to learn whether there is any reversible error in the June 2022 Order.

The Court acknowledges that Objectors have renewed their objections to the amount of attorney fees awarded to class counsel and that they have preserved their prior arguments in opposition to the Renewed Motion.  For the reasons fully set forth in prior orders and rulings, including the June 2022 Order, the Court finds that a reasonable attorney-fee award to class counsel for their representation of the class is $17,333,333.00.  The amount seems even more reasonable now, given the long and complicated course of these proceedings.

**IT IS THEREFORE ORDERED** that Class Counsel's Renewed Motion for Approval of Attorneys' Fees from Common Fund [Doc. No. 302] is **GRANTED**.  Class counsel is awarded an attorney fee of $17,333,333.00 to be paid from the settlement fund in accordance with the terms of the settlement agreement.  The distribution of attorney fees among class counsel is a matter within their sole discretion.

---

[9] Nutley takes issue, for example, with the Court's finding that the attorneys who failed to keep contemporaneous time records need not have anticipated the Tenth Circuit's requirement in *Chieftain I* of a lodestar computation.  Nutley questions the Court's statement that *Chieftain I* represented a "sea change."  *See* Nutley's Obj. at 11; 6/22/22 Order at 14.  The characterization simply reflected the undersigned's knowledge of and experience with class-action fee awards based on more than 30 years of judicial experience and legal practice in Oklahoma.

Further, Nutley criticizes class counsel for a strategy employed in other cases after *Chieftain I* of bargaining for the application of federal law in class-action settlement agreements. Class counsel's conduct in other cases has no bearing on the Court's judgment of a reasonable fee award in this case for their skillful and successful representation of the class.

**IT IS SO ORDERED** this 27th day of September, 2024.

                                    _____

                                    TIMOTHY D. DeGIUSTI
                                    Chief United States District Judge